IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FREDDIE L. WEBBER, JR.**                                                         **PETITIONER**

**v.**                                                            **No. 1:14CV126-SA-JMV**

**MR. DENMARK, ET AL.**                                                        **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Freddie L. Webber, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; Webber has not replied, and the deadline to do so has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Freddie Webber is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Webber was convicted for the sale of cocaine in Lowndes County Circuit Court Cause No. 2010-0280-CR1H and sentenced to thirty years in the custody of the Mississippi Department of Corrections as a non-habitual offender and to pay a fine of $5,000.00. Webber was originally sentenced as a habitual offender, but was resentenced as a non-habitual offender following post-conviction collateral review.

Webber appealed his conviction and sentence to the Mississippi Supreme Court. In his appellate brief, Webber raised the following grounds for relief, as stated by Webber through counsel:

    I. Whether the trial court erred by not exclude[ing] prior bad acts evidence?

    II. Whether the State's reliance on a paid confidential informant entitled the defense to a cautionary instruction?

    III. Whether the weight of the evidence supports a guilty verdict?

The state supreme court affirmed Webber's conviction and sentence. *Webber v. State*, 108 So.3d 930 (Miss. 2013) (Cause No. 2012-KA-00115-SCT).

Webber then filed a *pro se* application in the Mississippi Supreme Court seeking permission to proceed in the trial court with a petition for post-conviction collateral relief. In his application, Webber raised the following grounds for relief, as summarized by the court:

> I. The indictment was insufficient under Mississippi Uniform County and Circuit Court Rule 7.06.
>
> II. The trial court lacked subject matter jurisdiction to impose Webber's sentence as a habitual offender under Miss. Code Ann. § 99-19-81.

The Mississippi Supreme Court held in pertinent part:

> After due consideration we find that Webber was unfairly surprised by the State's motion to amend the indictment to charge Webber as an habitual offender in accordance with § 99-19-83, and that in these circumstances the trial court erred in sentencing Webber as an habitual offender. This Court finds that Webber's Motion for Post-Conviction Collateral Relief should be granted as to this claim. We further find that Webber's sentence as a habitual offender under Miss. Code Ann. §99-19-81 should be vacated, and this matter should be remanded to the Lowndes County Circuit Court for re-sentencing as a non-habitual offender for the crime of which the jury convicted him.

Webber then filed the instant federal petition for a writ of *habeas corpus* under 28 U.S.C.A. § 2254, raising the following grounds for relief (as stated by Mr. Webber):

> Ground One: Direct [verdict] / J.N.O.V ineffective assistance counsel trial/appeal.
>
> Ground Two: Petitioner her[e] wish to reargue the same grounds that were raised on appeal.
>
> Ground Three: Petitioner is wishing to re-argue his claim of subject matter jurisdiction.
>
> Ground Four: Due Process and Equal Protection 8/14 amendment.

As noted above, the State originally moved to dismiss Webber's petition because his allegations in Grounds One and Four are unexhausted. Doc. 10. The court afforded Webber an opportunity

- 2 -

to amend his petition to delete the unexhausted claims, Doc. 12, which he did, withdrawing Grounds One and Four, Doc. 14.

## Discussion

After Webber's withdrawal of the unexhausted grounds for relief, the issues currently before the court are as follows, as summarized by the court:

**Ground Two**: Claims raised on direct appeal:

> **A**. Whether the trial court erred by not excluding prior bad acts evidence?
>
> **B**. Whether the State's reliance on a paid confidential informant entitled the defense to a cautionary instruction?
>
> **C**. Whether the weight of the evidence supports a guilty verdict?

**Ground Three**: The trial court lacked subject matter jurisdiction because his indictment was insufficient under U.C.C.C.R. 7.06 for failure to list the statutory schedule of cocaine.

### Ground 2(A) – Procedural Bar

The Mississippi Supreme Court held that Webber's allegation in Ground Two (A), that the trial court erred in failing to exclude evidence of prior bad acts, was procedurally barred for failure to lodge a contemporary objection:

> Although Webber initially objected to the video because it contained a discussion between Webber and Jones about prior drug transactions, the objection was waived at trial. The waiver is reflected in the record:
>
> > **Webber's Counsel**: ... [A]fter discussing the issue with my client, the possibility of waiving other issues, we have made the informed decision to withdraw the objection to the video and play it in its entirety.
> >
> > **Court**: That is from the start of this particular witness's involvement that day up until the conclusion, from the pre-buy to the post-buy.
> >
> > **Webber's Counsel**: From the pre-buy to the postbuy, yes, Your Honor.
> >
> > **Court**: There's no objection to the entire video then?

>    **Webber's Counsel**: No objection to the entire video.
>
>    Because the entire video was admitted without objection, this issue was not preserved for appeal. *See, e.g., Ross v. State,* 954 So.2d 968, 987 (Miss.2007) (failure to raise a contemporaneous objection waives the issue on appeal).

*Webber v. State*, 108 So.3d 930,931 (Miss. 2013).

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider a *habeas corpus* claim when, " (1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ––– U.S. –––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*. To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

- 4 -

## Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

The failure to lodge a contemporaneous objection in the trial court is an independent and adequate state procedural bar, *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir.1992), and Mr. Webber has not shown that the Mississippi's appellate courts have failed to strictly and regularly apply the contemporaneous objection rule. As such, this claim must be dismissed under the doctrine of procedural default. In addition, Mr. Webber cannot overcome the procedural default because he has shown neither cause for his default nor prejudice he would suffer if the court

applied it. Mr. Webber has not shown that the default was caused by "something *external* to [him], something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Finally, Mr. Webber has not produced new, reliable evidence – that was not presented at trial – to show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Thus, Mr. Webber has shown neither cause for his default, prejudice that would result from applying the default, nor that a fundamental miscarriage of justice would result from applying the default. As such, Mr. Webber's claim in Ground 2(A) that the trial court should have excluded evidence of prior bad acts must be dismissed under the doctrine of procedural default.

### Ground 2(B): Denied on the Merits in the Mississippi Supreme Court

In Ground 2(B), Mr. Webber argues that the trial court should have issued a cautionary instruction to the jury regarding the State's use of a paid confidential informant. This ground for relief must likewise be dismissed because the Mississippi Supreme Court denied this claim on the merits during direct appeal – and Mr. Webber's claims do not fall within either of the exceptions to the rule prohibiting federal *habeas corpus* review of claims denied on the merits in state court.

The Mississippi Supreme Court has already considered Ground 2(B) on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground 2(B) of the petitioner's claim.

- 7 -

Nevertheless, under § 2254(d)(2) this ground for relief may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

In Ground Two (B), Webber complains that the trial court did not grant him a cautionary instruction regarding the confidential informant. In Webber's case, the buy was made by a confidential informant who was a paid informant rather than an informant who was seeking to have reduced charges. S.C.R., Vol. 2, p. 68. Webber's proposed instruction read:

> The Court instructs the Jury that the testimony of an informant who benefits by providing evidence and testimony against a defendant for pay, immunity from prosecution, or other favorable treatment must be examined and weighed by the jury with greater care and caution than the testimony of an ordinary witness. You the jury must determine whether the informant's testimony has been affected by interest or prejudice against the defendant.

S.C.R., Vol. 1, p. 39. At trial, the judge heard argument regarding the defense's proposed cautionary instruction. S.C.R., Vol. 3, p. 213. The trial judge found that Webber's case was distinguishable from the cases cited by defense counsel in that, in Webber's case, the confidential informant was paid for his efforts and received his monetary benefit in exchange for successful buys rather than for testimony at trial. *Id.* at 215. The trial judge pointed out that there is a difference when the buy is made by an undercover confidential informant rather than an accomplice. *Id.* at 216. The trial judge noted that the state appellate courts have "upheld the

denial of a cautionary instruction based partly on the fact that informant did not receive any preferential treatment for his testimony. Well, he didn't receive any preferential treatment. He received $100." *Id.* at 218. The appellate court considered this issue on direct appeal and held:

> As for Webber's second issue, we find that the trial court did not abuse its discretion by denying Webber's proposed cautionary jury instructions regarding Jones's testimony. The details of Jones's pay arrangement with the county were disclosed to the jury, and Jones was subject to cross-examination. Thus, the failure to give a cautionary instruction regarding Jones's testimony was not an abuse of discretion. *White v. State*, 722 So.2d 1242, 1247–48 (Miss.1998) (finding that where details of the confidential informant arrangement were disclosed to the jury and the confidential informant was subject to cross-examination, failure to give a cautionary instruction regarding his testimony was not an abuse of discretion) (citing *Williams v. State*, 463 So.2d 1064, 1069 (Miss.1985)).

*Webber*, 108 So.3d at 931-932.

Challenges to jury instructions do not ordinarily form a basis for federal *habeas corpus* relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318 (1993); *Estelle v. McGuire*, 502 U.S. 62, 71-71 (1991). A federal court may not set aside the conviction through *habeas corpus* unless a petitioner establishes that an improper instruction rose to the level of a constitutional violation. *Taylor*, 113 S.Ct. at 2121, 124 L.Ed.2d at 322; *McGuire*, 502 U.S. at 72. The standard for showing that faulty jury instructions caused enough prejudice at trial to support a collateral attack on the state court's judgment is higher than the standard for showing plain error on direct appeal. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999), citing *Henderson, supra*. Though this rule is stated regarding instructions given to the jury, it may also be applied when a trial court declines give an instruction. As applied in this manner, "[t]he relevant inquiry is whether the failure to give an instruction 'by itself so infected the entire trial that the resulting

conviction violates due process.'" *Galvin v.* Cockrell, 293 F.3d 760, 765 (5th Cir. 2002)(*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

In this case, the trial court's decision not to give Webber's proposed cautionary instruction regarding paid informants to the jury did not even come close "infect[ing] the entire trial [so] that the resulting conviction violates due process." *Mayabb, supra*. As the Mississippi Supreme Court held, the jury heard testimony regarding the informant's payment arrangements with authorities, and through cross-examination defense counsel brought out the potential bias such an arrangement might encourage. As such, the Mississippi Supreme Court did not unreasonably apply clearly established federal law; nor did it unreasonably determine the facts in light of the evidence presented. Thus, this court may not review the merits of Webber's claim that the trial court should have issued a cautionary instruction regarding a paid informant's testimony. This ground for relief will be denied.

### Ground 2(C): Sufficiency of the Evidence

In Ground 2(C), Mr. Webber argues that the "weight" of the evidence supports a guilty verdict. The State argues, correctly, that a challenge to the weight of the evidence is not a valid claim under 28 U.S.C. § 2254. Under *Haines v. Kerner*, 404 U.S. 519 (1972), however, the court will interpret this *pro se* pleading liberally as a challenge to the *sufficiency* of the evidence, which is a valid claim for *habeas corpus* relief. To analyze whether the evidence submitted at trial was sufficient to support the verdict of guilty, a federal court conducting *habeas corpus* review must determine:

> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original).

Mr. Webber was convicted in the Circuit Court of Lowndes County, Mississippi, for selling cocaine. During Webber's direct appeal, the Mississippi Supreme Court summarized the evidence introduced against him:

> On April 28, 2009, Lloyd McWilliams, a Lowndes County narcotics agent, enlisted James Jones, a confidential informant, to purchase drugs from individuals in Columbus, Mississippi. Jones completed two transactions that day, which were captured on video. One of those transactions was a buy from Webber.
>
> Jones testified for the State and explained his pay arrangement with the county. He told the jury that he purchased twenty dollars' worth of cocaine from Webber, which he then placed in a bag and delivered to Agent McWilliams. At trial, Jones identified both the bag and Webber. During Jones's testimony, the State submitted a DVD that contained audio and video footage of the transaction, which the jury then viewed. During its case-in-chief, the State also called Agent McWilliams and Bill Smith, Director of Forensic Chemistry at the Columbus Forensic Lab. Smith testified that the substance in question was, in fact, cocaine. Agent McWilliams confirmed that Jones was paid for the Webber transaction and explained that the video of the transaction was used to identify Webber.
>
> The defense presented no evidence and called no witnesses. The jury subsequently found Webber guilty as charged.

*Webber v. State*, 108 So. 3d 930, 931 (Miss. 2013). Viewed in the light most favorable to the prosecution, the evidence clearly establishes that Mr. Webber sold cocaine to the confidential informant.

Though Mr. Webber believes that the jury should have considered the evidence and come to a different conclusion, the jury is the arbiter of the strength and weight of evidence presented at trial. The Founders established in our Constitution that an accused has the right to a trial by jury in a criminal case. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, *by an impartial jury* of the State and district wherein the crime shall have been committed...." U.S. Const. amend. VI. (emphasis added). The requirement of jury trial in a criminal case is applicable to the states through the Fourteenth Amendment. *Duncan v.*

- 11 -

*Louisiana*, 391 U.S. 145, 156 (1968). It is thus the province of the jury to determine the facts in a criminal case – and apply to those facts to the law given by the court through jury instructions. Indeed, "[j]uries are typically called upon to render unanimous verdicts on the ultimate issues of a given case." *McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S. Ct. 1227, 1236, 108 L. Ed. 2d 369 (U.S. 1990) (plurality opinion) (Blackmum, J., concurring).

The jury considered the evidence presented and found Mr. Webber guilty of selling cocaine. There was ample evidence upon which to base that decision, and the court can discern no reason to doubt the validity of the jury's conclusion. This ground for relief is wholly without merit and will be denied.

### Ground Three: Insufficiency of the Indictment

In Ground Three Mr. Webber argues that the indictment was insufficient because it did not conform with Uniform Circuit and County Court Rule 7.06 because it failed to state the criminal statutory schedule of cocaine. This claim is without merit and will be denied.

Generally, the sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir.1993); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637.

Rule 7.06 of the Uniform Circuit and County Court Rules sets forth the required elements of an indictment under Mississippi law:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and

technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:

1. The name of the accused;

2. The date on which the indictment was filed in court;

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi

4. The county and judicial district in which the indictment is brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury issuing it; and

7. The words "against the peace and dignity of the state."

The court on motion of the defendant may strike from the indictment any surplussage, including unnecessary allegations or aliases.

Mississippi U.C.C.C.R. 7.06. Mr. Webber's indictment reads, in relevant part:

that Freddie Webber, Jr. late of the County aforesaid, on or about the 28th day of April, 2009, in the County and state aforesaid, did unlawfully, willfully, and feloniously, knowingly and intentionally sell or transfer a controlled substance, to-wit: Cocaine, to an undercover individual, in violation of MCA § 41-29-139; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi[.]

SCR, Vol. 1 at 8.

The indictment meets all the requirements of Rule 7.06, and the court can discern no way that the language of the indictment could deprive the state trial court jurisdiction. As the indictment meets all state and federal requirements, Mr. Webber's final ground for relief is without merit and will be denied.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied.

A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of July, 2017.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**